McGREGOR W. SCOTT
United States Attorney
COURTNEY J. LINN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 730 GLEN-MADY WAY, FOLSOM, SACRAMENTO COUNTY, CALIFORNIA, APN: 072-2280-012, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>Defendant. | 2:08-CV-00393-LKK-KJM<br><br>STIPULATION AND ORDER TO CONTINUE DATES FOR NOTICE AND JOINT STATUS REPORT |

The United States of America, by and through its counsel, and Claimant Wachovia Mortgage, FSA FKA World Savings Bank, FSB, its successors and assigns (the "Lienholder"), by and through its counsel, stipulate as follows:

1. The United States commenced this in rem civil forfeiture action on or about February 21, 2008. Wachovia Mortgage, FSA FKA World Savings Bank, FSB filed a timely claim and answer to the Complaint on or about March 26, 2008. The Court's Order Setting Status (Pretrial Scheduling) Conference set a Status Conference date of July 7, 2008, at 2:30 p.m. and directs that the parties

submit Status Reports not less than ten (10) days prior to that date.

2. This civil forfeiture action relates to a parallel criminal case against Stephan A. Wilson ("Wilson") in which an indictment was returned on March 13, 2008. See United States v. Stefan A. Wilson aka Steven K. Wilson, 2:08-CR-0114 LKK. In the parallel criminal case, the United States seeks the forfeiture of numerous assets, including the real property that is the subject of this action. The defendant in the parallel criminal case awaits trial.

3. Pursuant to Supplemental Rule G(4)(b)(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules") the United States has provided direct personal notice and a copy of the complaint to Wilson on or about March 5, 2008. The United States similarly provided direct personal notice to Christina Silvas Wilson on or about February 29, 2008. Neither person has filed a timely claim as required by Supplemental Rule G(5)(a)(ii), *i.e.*, a claim filed within 35 days of receiving direct notice. On or about April 29, 2008, the Clerk of the Court entered defaults against each of them.

4. The United States has not, to date, provided direct written notice to any potential victim of an offense giving rise to this action. Generally speaking, unsecured creditors lack Article III standing to contest the civil forfeiture of particular property belonging to a debtor. See United States v. $20,193.39 U.S. Currency, 16 F.3d 344, 346 (9th Cir. 1994). However, a court of appeals' decision, United States v.

$4,224,958.57 ("Boylan"), 392 F.3d 1002 (9th Cir. 2004), arguably requires such notice in this case before the government may seek a final judgment of forfeiture. The United States intends to address the Boylan decision, and in particular articulate reasons why in its view Boylan does not apply in this case, as part of a default judgment motion it proposes to file within the next week. Thus, it would be premature to conduct a Status Conference in this matter until the government has had an opportunity to move for default judgment and seek a final judgment of forfeiture that, among other things, addresses the Boylan decision. The Lienholder does not object.

5. Accordingly, the parties request that the Court continue the Status Conference in this matter for approximately seventy five (75) days from the date of this Order and provide that Status Reports shall be filed not less than ten (10) court days prior to that date. The parties further request that pursuant to Fed. R. Civ. P. 4(m), and for good cause shown, the Court grant the United States an additional seventy five (75) days from the date of any Order on this stipulation within which either to give notice to any potential "Boylan" claimants, or, if the United States maintains that no such notice is required, to seek a default judgment and final judgment of forfeiture that, among

///

///

///

///

///

///

other things, addresses the issue whether the Court may enter such a judgment notwithstanding the Boylan decision.

IT IS SO STIPULATED.

Dated: 6/23/08

McGREGOR W. SCOTT
United States Attorney

/s/ Courtney J. Linn
COURTNEY J. LINN
Assistant U.S. Attorney

Dated: 6/23/08

/s/ Rochelle L. Stanford, 147238, for
LAUREL I. HANDLEY
Attorney for Claimant Wachovia Mortgage, FSB FKA World Savings Bank, FSB

(Original signature retained by attorney)

ORDER

For good cause shown, and notwithstanding the Court's Order Setting Status (Pretrial Scheduling) Conference filed April 28, 2008, the Status Conference in this matter is hereby continued to September 22, 2008 at 2:00 p.m. For good cause shown pursuant to Fed. R. Civ. P. 4(m), the United States is further granted an additional seventy five (75) days from the date of this Order within which to give notice to any potential "Boylan" claimants, or seek a Final Judgment of Forfeiture in this action that addresses, among other things, the issue whether such a judgment may be entered notwithstanding the Boylan decision.

**IT IS SO ORDERED.**

Dated: June 24, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT